RICK D. ROSKELLEY, ESQ., Bar # 3192
SHONDELLA L. MCCLELLAN, ESQ., Bar # 10140
LITTLER MENDELSON
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
Telephone:     702.862.8800
Fax No.:        702.862.8811

Attorneys for Defendant
PULTE HOME CORPORATION

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MANUEL LOPEZ, MANUEL LOPEZ, JR., LORENZO PADILLA, LORENZO PADILLA, JR. ISRAEL GARCIA, and IGNACIO GARCIA, individually and on behalf of other persons similarly situated,<br><br>                    Plaintiffs,<br><br>vs.<br><br>PETE KING NEVADA CORPORATION, a Nevada corporation, WILLIAM BRUCE KING, as an individual, PULTE HOME CORPORATION, a Michigan Corporation, and DOES 1 through 10,<br><br>                    Defendants. | Case No. 2:06-cv-01200- RCJ-LRL<br><br>**ORDER GRANTING PULTE HOME CORPORATION'S MOTION FOR SUMMARY JUDGMENT** |

Currently before this Court is Pulte Home Corporation's (hereinafter "Pulte Home") Motion for Summary Judgment and Request for Order Dismissing Class Action Claims filed on December 21, 2008. (Doc. 60). Plaintiffs Manuel Lopez, Manuel Lopez, Jr., Lorenzo Padilla, Lorenzo Padilla, Jr., Israel Garcia and Ignacio Garcia (collectively "Plaintiffs") filed a timely opposition to the motion on January 8, 2008. (Doc. 61). On January 22, 2008, Pulte Home filed its Reply in Support of its Motion for Summary Judgment and Request for Order Dismissing Class Action Claims. (Doc. 63). This motion came before this Court for hearing on oral argument on March 3, 2008.

LITTLER MENDELSON
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169
702.862.8800

## I. FACTUAL BACKGROUND

Plaintiffs filed their Complaint on September 26, 2006, wherein they allege Pete King Nevada Corporation and William Bruce King (collectively "Pete King") violated provisions of the Fair Labor Standards Act. Plaintiffs further allege that Pulte Home is also liable for unpaid overtime wage pursuant to Nev. Rev. Stat. 608.150. Plaintiffs also allege Federal Rule of Civil Procedure 23 class action allegations against Pulte Home and Pete King.

## II. SUMMARY JUDGMENT STANDARD

This Court will grant summary judgment where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *See* **FED. R. CIV. P. 56(c)**; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323. Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

## III. ANALYSIS

For the reasons set forth below, this Court finds that Plaintiffs Manuel Lopez, Manuel Lopez, Jr., Lorenzo Padilla, Lorenzo Padilla, Jr., Israel Garcia and Ignacio Garcia have failed to set forth sufficient evidence to create a triable issue of material fact as to their individual claims for relief pursuant to Nev. Rev. Stat. 608.150. Further, this Court finds that Plaintiffs have failed to produce sufficient evidence to support their Federal Rule of Civil Procedure 23 class action allegations against Pulte Home or Pete King.

### A. Federal Rule of Civil Procedure 23 Class Action Allegations

Plaintiffs concede that they will be unable set forth facts sufficient to support their Fed. R. Civ. P. 23 class action allegations against Pulte Home or Pete King. (Doc. 61). Accordingly, this Court grants Pulte Home's request for an Order dismissing all Federal Rule of Civil Procedure 23

///

///

2.

class action allegations. Further, on October 22, 2007, this Court denied Plaintiffs' motion for Fair Labor Standards Act Conditional Collective Action Certification and Court Supervised Notice of Pending Collective action in respect to Plaintiffs' request to name Pulte Home in the notice. (Doc. 58). Consequently, this Court finds Plaintiffs only allegation against Pulte Home is under its Fifth Cause of Action, pursuant to Nevada Revised Statute 608.150. The only parties to the Fifth Cause of Action are Pulte Home and the five named Plaintiffs. Thus, this Court finds that since Plaintiffs Rule 23 class allegations are dismissed, in their entirety, with prejudice, the opt-in plaintiffs may not assert their claims against Pulte Home in this action.

B. **Plaintiffs Individual Claims Against Pulte Home Pursuant to Nev. Rev. Stat. 608.150**

1. **Manuel Lopez Zarate**

Plaintiffs concede that Manuel Lopez Zarate failed to produce any evidence to demonstrate that he has ever worked on one Pulte Home construction project during his tenure at Pete King. (Doc. 61). Accordingly, this Court finds Mr. Lopez Zarate could not have possibly accrued overtime wages while completing work on a Pulte Home construction project. Manuel Lopez Zarate's individual claim against Pulte Home pursuant to Nev. Rev. Stat. 608.150 is dismissed in its entirety, with prejudice.

2. **Ignacio Garcia, Lorenzo Padilla and Juan Manuel Lopez Ojeda**

Mr. Garcia and Mr. Padilla testified at deposition that they do not know whether they have ever worked on a Pulte Home construction project. (Doc. 61) Similarly, although Mr. Lopez Ojeda believes he has worked on a Pulte Home project, he does not know when, where or how long he worked. Plaintiffs argue that their inability to recall whether they worked on a Pulte Home Project or the name or location of such project is not fatal to their claim. Plaintiffs argue that the trier-of fact can infer liability on Pulte Home because Plaintiffs testified that they often worked overtime hours for Pete King. This Court rejects Plaintiffs assertion. The issue before the Court on this Motion is whether there is sufficient evidence to create a triable issue of fact as to whether they worked overtime hours while employed on a Pulte Home Project for which they have not been paid. After 18 months of discovery, Plaintiffs failed to produce any evidence to support claims that Mr. Garcia,

LITTLER MENDELSON
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169
702.862.8800

3.

Mr. Padilla and Mr. Lopez Ojeda have ever worked overtime hours on a Pulte Home construction project. Accordingly, Plaintiffs have failed to establish a *prima facie* case and have failed to show that there is a genuine issue for trial. The Court grants Pulte Home's motion for summary judgment as to these Plaintiffs and Mr. Garcia's, Mr. Padilla's and Mr. Lopez Ojeda's individual claims, pursuant to 608.150, are dismissed in their entirety, with prejudice.

### 3. Israel Garcia Jimenez

Mr. Garcia Jimenez's testified at his deposition that he only worked on a Pulte Home construction project for two or three days. Mr. Jimenez, however, did not testify and has offered no evidence demonstrating that while so employed he accrued overtime wages. As such, this Court finds summary judgment on Mr. Garcia Jimenez's individual claim against Pulte Home is appropriate and dismisses his claim pursuant to Nev. Rev. Stat. 608.150, in its entirety, with prejudice.

### 4. Lorenzo Padilla Moreno

Lorenzo Padilla Moreno testified at his deposition that he only worked on one Pulte Home project for five days, eight hours per day and that he was paid by the hour. In essence, Mr. Padilla Moreno's testimony is that he worked 40 hours on one Pulte Home Project. Mr. Padilla Moreno did not, however, testify nor present any evidence that any of his time working on the Pulte Home project was overtime for which he was not paid. Thus, Mr. Padilla Moreno does not have a viable overtime claim against Pulte Home pursuant to Nev. Rev. Stat. 608.150. Accordingly, this Court grants Pulte Home's motion for summary judgment and dismisses Mr. Padilla Moreno's claim for overtime wages against Pulte Home, in its entirety, with prejudice.

## IV. CONCLUSION

**IT IS THEREFORE HEREBY ORDERED THAT**, Defendant Pulte Home Corporation's Motion for Summary Judgment and Request For Order Dismissing Class Action Claim (Doc. 60) is **GRANTED** in its entirety and the entire action against Defendant Pulte Home Corporation is

///

///

4.

Case 2:06-cv-00200-RCJ-LRL Document 874 Filed 04/10/2008 Page 5 of 7

dismissed, with prejudice, and with appropriate costs awarded in Defendant Pulte Home Corporation's favor subject to approval of the clerk in a timely Bill of Costs.

Dated: April 9, 2008

ROBERT C. JONES
UNITED STATES DISTRICT JUDGE

Respectfully submitted by:

Rick D. Roskelley, Esq.
Shondella L. McClellan, Esq.
Littler Mendelson
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169
Tel: 702.862.8800
Attorneys for Defendant Pulte Home

LITTLER MENDELSON
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169
702.862.8800

5.

**PROOF OF SERVICE**

I am a resident of the State of Nevada, over the age of eighteen years, and not a party to the within action. My business address is 3960 Howard Hughes Parkway, Suite 300, Las Vegas, Nevada 89169. On March 17, 2008, I served the within document(s):

**[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

☒ by serving the following parties electronically through CM/ECF:

☐ by facsimile transmission at or about _____ on that date. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☐ by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Las Vegas, Nevada addressed as set forth below.

☐ by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐ by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

| | |
|---|---|
| J. Felix De La Torre<br>Kristina L. Hillman<br>Weinberg, Roger & Rosenfeld<br>428 J. Street, Suite 520<br>Sacramento, California 95914.2341<br><br>Attorneys for Plaintiff | Joshua R. Woodard<br>Snell & Wilmer, LLP<br>One Arizona Center<br>Phoenix, AZ 85004<br><br>Attorneys for Pete King Nevada Corp. and William Bruce King |
| Paul S. Prior<br>Snell & Willner, LLP<br>3883 Howard Hughes Parkway<br>Suite 1100<br>Las Vegas, NV 89169<br><br>Attorneys for Pete King Nevada Corp. and William Bruce King | Kristina L. Hillman<br>Law Offices of Kristina L. Hillman<br>729 Evans Avenue<br>Suite 520<br>Reno, Nevada 895111-2060<br><br>Attorneys for Plaintiffs |
| | |

6.

| | |
|---|---|
| Marc Picker<br>Mark Picker, Esq., Ltd.<br>729 Evans Avenue<br>Reno, Nevada 89512<br>Attorneys for Plaintiffs | |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 17, 2008, at Las Vegas, Nevada.

_____
Maribel Rodriguez

Firmwide:84502116.1 044555.1006

7.